## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| FREDERICK BANKS, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | Case No. CIV-07-229-F | |
| | ) | | |
| UNITED STATES MARSHAL, and LT. | ) | | |
| MOSES A/K/A LT. MOSELEY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Freedom of Information Act (FOIA) and the Privacy Act seeking damages and injunctive relief for alleged violations of constitutional and statutory rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Amended Complaint [Doc. #6] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Amended Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted and for lack of personal jurisdiction over Defendant Moses.

## I.    Plaintiff's Amended Complaint

The Amended Complaint [Doc. #6] names two defendants: a Lt. Moses in Butner, North Carolina, and the United States Marshal in Oklahoma City, Oklahoma. Plaintiff states that from December 2006 through February 14, 2007, he was incarcerated in the special

housing unit at a federal correctional facility in Butner, North Carolina. Plaintiff alleges that Defendant Moses was in charge of the special housing unit. Plaintiff states that on February 14, 2007, he was transferred by the United States Marshal to the Federal Transfer Center in Oklahoma City, Oklahoma. Nine days later, on February 23, 2007, Plaintiff initiated this lawsuit. He filed his Amended Complaint on March 7, 2007.

Plaintiff alleges in the Amended Complaint that he "propounded multiple requests to the United States Marshals based in Oklahoma under the Freedom of Information Act and Privacy Acts requesting every record that pertained to him, about him or that mentioned [Plaintiff's] name." Amended Complaint at 1, ¶2. Plaintiff states that he received no response to his requests. *Id*. He further alleges that he submitted seventeen requests to staff at Butner seeking to learn the "status of his FOIA/PA requests and seeking administrative remedies to exhaust on the claims stated in this action." *Id*., ¶3. Plaintiff alleges that Defendant Moses, motivated by racial bigotry, shredded Plaintiff's requests to staff because Plaintiff is an "African American citizen of North Carolina." *Id*. at 2, ¶5. Plaintiff alleges that the U.S. Marshal had a contract with Lt. Moses to deny Plaintiff his rights of equal protection and due process and further claims that the alleged record-shredding violated the Privacy Act. *Id.*, ¶ 96.

In Count One, Plaintiff claims that "[b]y subjecting [him] to the above cited conditions," Defendants "infringed on [his] Due Process and Equal Protection Rights under the Fifth Amendment." He further alleges that Defendant United States Marshal and

Defendant Moses conspired or contracted to violate his rights and seeks damages under 42 U.S.C. § 1985. *Id*. at 2, ¶8.

In Count Two, Plaintiff seeks damages based on his claim that Defendants' actions have violated Plaintiff's constitutional rights to due process and equal protection. *Id*., ¶11.

In Count Three, Plaintiff seeks damages based on his claim that Defendant Moses violated the Privacy Act by shredding Plaintiff's requests to staff and "not maintaining a system of records and falsifying [Plaintiff's] BOP file[.]" *Id*. at 3, ¶13.

In Count Four, Plaintiff claims he is entitled to the records he requested from the United States Marshal under FOIA. *Id*., ¶17.

In Count Five, Plaintiff claims he is entitled to the records he requested under the Privacy Act. *Id*., ¶20.

## II.     **Standard for Initial Screening**

Notwithstanding any filing fee, or any portion thereof that may have been paid, it is the responsibility of this Court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). For § 1915 purposes, a claim is frivolous if it lacks an arguable basis in law or fact. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981); *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is legally frivolous if it alleges an infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond

3

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995).   In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).   Although *pro se* pleadings are construed with leniency and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* plaintiffs are not relieved of the burden of alleging sufficient facts on which a legal claim could be based. *Hall*, 935 F.2d at 1110.

III.   **Analysis of Claims**

A.   **Conspiracy and Contract to Violate Constitutional Rights**

Plaintiff's claim for damages in Count One is asserted pursuant to 42 U.S.C. § 1985. This statute applies only to conspirators who act under color of state law.  It is inapplicable to the Defendants named in this action.  Moreover, Plaintiff has stated no facts to support his bare allegations that Defendants contracted or conspired to deprive him of his constitutional rights.  Even leniently construed, Plaintiff's wholly conclusory allegation of the existence of a conspiracy or contract between the Defendants fails to state a claim upon which relief may be granted. *See, e.g.*, *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (affirming dismissal of equal protection claim where plaintiff's allegations were "merely conclusory in that they do not allege the factual basis for an equal protection claim" and recognizing that "even pro se litigants must do more than make mere conclusory statements regarding

4

constitutional claims"); *see also Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (district court properly dismissed conspiracy claims because plaintiff failed to allege specific facts showing agreement and concerted action among defendants).

###    B.    Privacy Act and Freedom of Information Act Claims Against Individual Defendants

Under both the Privacy Act and the Freedom of Information Act, an individual may, in certain circumstances, bring a civil action against an agency.  The agency itself, however, is the only proper defendant in such suits.  *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.").  To the extent that Plaintiff is attempting to assert a cause of action against Defendant Moses or an individual employee of the United States Marshals Service under either of these acts, his claims should be dismissed.

###    C.    Claims for Records Under the Freedom of Information Act

Plaintiff claims that his FOIA rights have been violated because he received no answer when he "propounded multiple requests to the United States Marshals based in Oklahoma[.]" Amended Complaint at 1.  Federal jurisdiction under the Freedom of Information Act (FOIA) "is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'"  *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (*quoting Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)).   Unless each of these criteria is met, a district court lacks jurisdiction to devise

1of 14

remedies to force an agency to comply with FOIA's disclosure requirements.  *See* 5 U.S.C. § 552;  *In re Lucabaugh*, 262 B.R. 900 (E. D. Pa. 2000).

FOIA requests must be directed to an agency.  *See* 5 U.S.C. § (a)(2).  Each agency determines where FOIA requests should be sent.  To obtain information from the United States Marshals Service, a request for information must be directed to the United States Marshals Service, U.S. Department of Justice, Lincoln Place, Room 1250, CSQ3, 600 Army Navy Drive, Arlington, VA 22202-4200.[1]  Plaintiff's alleged FOIA requests directed to some unspecified individual employees of the United States Marshals Service based in Oklahoma City, Oklahoma, were apparently not directed to the agency itself.  Because it is apparent that Plaintiff has not properly completed even the first step of filing a request under FOIA, he cannot establish that any records have been withheld.  Plaintiff's FOIA claims against the United States Marshal in Oklahoma City are, therefore, legally frivolous and should be dismissed  under 28 U.S.C. § 1915(e)(2)(B)(i).

### D.    Claims for Records Under the Privacy Act

Plaintiff alleges that he also requested records from the United States Marshals under the Privacy Act.  Amended Complaint at 1.  Generally, the Federal Privacy Act grants remedies to individuals who have suffered a personal invasion of their right of privacy, such as by the improper disclosure of records maintained by an agency of the federal government. *See* 28 U.S.C. § 552a.  The Privacy Act authorizes four civil remedies: first, a court may

---

[1]*See* 28 C.F.R. Pt. 16, App. I.

grant injunctive relief by ordering the agency to amend inaccurate, incomplete, irrelevant, or untimely records, §§ 552a(g)(1)(A), (g)(2)(A); second, a court may grant injunctive relief by ordering the agency to allow an individual access to his records, § 552a(g)(1)(B); third, a court may award damages for an intentional or willful failure to maintain a record "as is necessary to assure fairness in any determination . . . made on the basis of such record" if the erroneous record results in an adverse determination, §§ 552a(g)(1)(C), (g)(4); and fourth, a court may award damages for any other willful or wanton failure to comply with the Act, "in such a way as to have an adverse effect on an individual," §§ 552a(g)(1)(D), (g)(4). A plaintiff must exhaust administrative remedies before asking a court for injunctive relief, but not when seeking damages. *See Hubbard v. United States Environmental Protection Agency Administrator*, 809 F.2d 1, 4 (D.C. Cir. 1986).[2]

In Count Five of his Complaint, Plaintiff contends that he is "entitled to the requested records pursuant to the Privacy Act."  Complaint at 3 ¶ 18.  In other words, Plaintiff is seeking injunctive relief requiring the United States Marshal "based in Oklahoma" to produce records allegedly requested by Plaintiff.  Claims for injunctive relief under the Privacy Act must be administratively exhausted prior to filing suit in federal court.  Like Plaintiff's document requests under FOIA, it appears that Plaintiff did not exhaust his

---

[2]In Count Three, Plaintiff seeks damages from Defendant Moses based on Defendant Moses' alleged failure to maintain records and alleged falsification of Plaintiff's Bureau of Prisons file. *See* Amended Complaint at 3 ¶ 13.  As discussed *infra* at 9-12, this Court lacks jurisdiction over Defendant Moses, and this claim should be dismissed.

administrative remedies by sending a proper request to the United States Marshals Service, the agency in this case, at the appropriate address.

Additionally, Plaintiff has failed to state a claim under the Privacy Act because the Act gives this Court jurisdiction only to "enjoin the agency from withholding the records and order the production to the complainant of any agency records *improperly* withheld from him." 5 U.S.C. § 552a(g)(3)(A) (emphasis added). Having failed to properly request documents from an agency, Plaintiff cannot demonstrate that any document he requested has been improperly withheld. *See Taylor v. United States Treasury Department*, 127 F.3d 470, 475 n. 6 (5th Cir. 1997) (plaintiff failed to comply with the administrative procedure requiring a properly-framed request to the agency, a necessary element of plaintiff's claim for injunctive relief).

Plaintiff has not identified the records he sought from the United States Marshal under the Privacy Act. Given his allegation regarding Defendant Moses' "falsifying Banks' BOP file," however, it stands to reason that Plaintiff was seeking a copy of his BOP file, perhaps along with other documents. Pursuant to 5 U.S.C. § 552a(j)(2), the Bureau of Prisons' inmate records systems are exempt from the access and amendment provisions of the Privacy Act. *See* 28 C.F.R. § 16.97(a); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998); *Deters v. United States Parole Commission*, 85 F.3d 655, 658 n. 2 (D.C. Cir. 1996). Although the inmate records systems are not exempt from § 552a(e)(5)'s accuracy requirements, *see Deters*, 85 F.3d at 658 n. 2, the Privacy Act permits only suits for damages for violations of this provision. *See* 28 C.F.R.§ 552a(g)(1)(C); *Risley v. Hawk*, 108

8

F.3d 1396, 1397 (D.C. Cir. 1997).  The injunctive relief Plaintiff seeks, therefore, is not available.  *Id.*

###### E.     Lack of Personal Jurisdiction Over Defendant Moses

Section 1915 contains no express authorization for a dismissal based on lack of personal jurisdiction, and there is a split of authority as to whether a court can consider such defenses in dismissing an action pursuant to § 1915.  *Compare Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985) (affirming dismissal under § 1915 for want of personal jurisdiction) *with Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam) ("[W]e hold that a *pro se* complaint may not be dismissed on its face under [§ 1915] solely on the ground that the court lacks personal jurisdiction over the defendants.").  The Tenth Circuit, however, has held that a district court may, in certain limited circumstances, properly dismiss an action *sua sponte* under § 1915 based on an affirmative defense.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995).  These precedents are consistent with the Supreme Court's description of congressional intent in enacting § 1915:

> Section 1915(d) [the precursor to § 1915(e) ] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke v. Williams* at 327.   In light of policy considerations, and despite the fact that lack of personal jurisdiction is an affirmative defense[3] which can be waived if not properly raised, *see* Fed.R.Civ.P. 12(h)(1), the Tenth Circuit has concluded "that a district court may . . . dismiss under § 1915 for lack of personal jurisdiction and for improper venue[.]"  *Trujillo v. Williams*, 465 F.3d 1210, 1216 -1217 (10th Cir. 2006).  Courts are cautioned, however, that such *sua sponte* dismissals are appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* at 1217 (internal quotations and citations omitted).  As with any *sua sponte* dismissal, district courts "may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts to support personal jurisdiction or venue."  *Id.* (internal quotations and citation omitted).

On its face, the Amended Complaint as against Defendant Moses is subject to dismissal based upon lack of personal jurisdiction.  To determine whether a federal court has personal jurisdiction over a defendant, the court must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations omitted). Section 1983 of title 42 of the United States Code, which allows civil rights actions against defendants acting under color of state law, does not, by itself, confer nationwide service of

---

[3]As part of the Prison Litigation Reform Act, Congress added failure to state a claim upon which relief may be granted, also an affirmative defense, to the bases upon which a district court may dismiss a complaint *sua sponte*.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

process or jurisdiction upon federal district courts to adjudicate claims.  *See Trujillo v. Williams*, 465 F.3d at 1217.  There is also no federal statute governing the service of process in cases brought pursuant to *Bivens*.  *See Hill v. Pugh*, 75 Fed.Appx. 715 (10th Cir. Sep. 11, 2003) (applying due process principles in determining personal jurisdiction over non-resident defendants) (unpublished op.).    In the absence of a specific federal statute governing personal jurisdiction, Fed.R.Civ.P. 4(k)(1)(A) refers courts to the jurisdictional statutes of the forum state, in this case, Oklahoma's "long-arm statute."  "Oklahoma's long-arm statute authorizes jurisdiction coextensive with the Due Process Clause[.]" *United States v. Bigford*, 365 F.3d 859, 873 n.11 (10th Cir. 2004).  "[I]f jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant." *Tomlinson v. H&R Block, Inc.*, 151 Fed.Appx. 655, 657, (10th Cir. Oct. 12, 2005) (unpublished op.).

The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."  *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (*quoting Burger King Corp.*

11

*v. Rudzewicz*, 471 U.S. 462 (1985)). The minimum contacts standard is also satisfied, and a court may maintain personal jurisdiction over a nonresident defendant, based on the defendant's "continuous and systematic" general business contacts with the forum state. *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984).

In the instant case, nothing in Plaintiff's Amended Complaint demonstrates that this Court's exercise of jurisdiction over Defendant Moses, an employee of a federal correctional facility in North Carolina, would satisfy the requirements of the Due Process Clause. Plaintiff has alleged no facts suggesting that Defendant Moses has purposely directed activities toward this jurisdiction, that the underlying action is based upon activities that arise out of or relate to any contacts of Defendant Moses with the forum, or that Defendant Moses has engaged in systematic and continuous activity in Oklahoma. Given the claims raised in Plaintiff's Complaint, it does not appear that Plaintiff could allege facts sufficient to support such a conclusion. Accordingly, this Court does not have personal jurisdiction over Defendant Moses.

This Court could, however, *sua sponte* cure a jurisdictional defect by transferring the suit under 28 U.S.C. § 1631. Such a transfer would be proper if it were in the interests of justice. *See Trujillo v. Williams*, 465 F.3d at 1222-1223. The Tenth Circuit has enumerated several factors a court should consider when deciding whether to transfer instead of dismissing the case:

> We note that factors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good

12

faith rather than filed after plaintiff either realized or should have realized that
the forum in which he or she filed was improper[.]

*Id.* at 1223 n. 16 (internal quotations and citations omitted).  In this case, Plaintiff's claims

arose no earlier than December of 2006.  It is unlikely that the statute of limitations will have

run before Plaintiff could file an action against Defendant Moses in the appropriate court.

As discussed above, however, Plaintiff cannot assert claims against Defendant Moses based

on alleged violations of the Privacy Act.  Further, Plaintiff has asserted no facts to support

his claim that Defendant Moses violated Plaintiff's due process and equal protection claims.

Finally, Plaintiff knew or should have known that this Court is not the proper venue for filing

an action against a citizen or resident of North Carolina.  In view of the particular facts in this

case, transferring this action to a  proper forum would not serve the interests of justice and

would, in fact, be a waste of judicial resources.  It is therefore recommended that Plaintiff's

claims against Defendant Moses be dismissed without prejudice.[4]

## **RECOMMENDATION**

It is recommended that Plaintiff's Amended Complaint be dismissed without prejudice

pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915.  Plaintiff's claims against Defendant

United States Marshal are legally frivolous and fail to state a claim upon which relief may

be granted, and this Court lacks personal jurisdiction over Defendant Moses.  The dismissal

should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after

---

[4]"[A] jurisdictional defect calls for dismissal without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

Plaintiff has exhausted or waived his right to appeal.  *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

### NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.   Any objections must be filed with the Clerk of the District Court by July   26th  , 2007.  *See* LCvR72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   6th   day of July, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE